IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER ODOM, #3288                                            PETITIONER

VERSUS                                        CIVIL ACTION NO. 3:18-cv-796-HTW-LRA

VICTOR MASON                                                      RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, sua sponte, for consideration of dismissal. Petitioner Christopher Odom is presently incarcerated at the Hinds County Work Center, Raymond, Mississippi. Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on November 15, 2018. Pet. [1]. The Court, having considered his pro se habeas Petition [1] and the relevant authorities, finds that it should be dismissed for the reasons that follow.

Petitioner states that on August 22, 2018, he was arrested for possession of drugs and paraphernalia by the Hinds County Sheriff's Department. Pet. [1] at 1-2. Petitioner's ground for habeas relief is that he was not in possession of drugs and/or paraphernalia nor was he in control of the room where the drugs and paraphernalia were found. *Id*. at 3. Petitioner therefore argues that he is innocent of the criminal charges for possession of controlled substance and paraphernalia. *Id*. Petitioner is requesting that the Court grant his request for writ of habeas corpus. *Id*. at 3.

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. Furthermore, a petitioner is not permitted to derail "a pending state

proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court has drawn a distinction between a pre-trial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and a petitioner seeking only to enforce the state's obligation to bring him promptly to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 489-490; *Smith v. Hooey*, 393 U.S. 374 (1969)). The Fifth Circuit has held that the distinction is based on the type of relief requested by the petitioner. *Id.* If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.* "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type," and this "objective is normally not attainable through federal habeas corpus." *Id.*

Petitioner is seeking that the Court grant his habeas relief. Pet. [1] at 3. Petitioner argues that there is no evidence to support the charges of possession of a controlled substance and paraphernalia and that he is innocent. *Id.* at 1-3. Petitioner fails to identify any special circumstances necessitating federal court intervention or disruption of the state's judicial process. The propriety of Petitioner's criminal charges for possession of a controlled substance and paraphernalia can be resolved by a trial on the merits in state court or by other procedures of the state court system. To permit Petitioner to "assert an affirmative defense" to his pending charges prior to a judgment of conviction by the state court "would short circuit the judicial

machinery of the state courts." *Brown*, 530 F.2d at 1283 (internal quotations omitted) (citing *Braden*, 410 U.S. at 490). The Court concludes that pre-trial habeas corpus relief is unwarranted. *See id.; Dickerson v. State*, 816 F.2d 220, 227 (5th Cir. 1987).

The Court has considered the pleadings and applicable law. Petitioner is seeking relief not available via federal habeas corpus. Therefore, this *pro se* Petition for habeas corpus relief pursuant to § 2241 will be denied and this case will be dismissed without prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is dismissed without prejudice. A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED, this the 31st day of January, 2019.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE